

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St N W.
Washington, D C  20001

February 27, 2008

**FILED**

MAR 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carlos Vanegas
Assistant Federal Defender
Office of the Federal Defender
625 Indiana Avenue, N.W., Suite 500
Washington, D.C.

USA V.

Re:   Carlos M. Urquidi  — C8CR43

Dear Mr. Vanegas:

      This letter sets forth the full and complete plea offer to your client, Carlos M. Urquidi. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on February 28, 2008. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1. **Charges:** Mr. Urquidi agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 666. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Urquidi and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Urquidi agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Urquidi's actions and involvement in the fraudulent scheme. It is anticipated that during the Rule 11 plea hearing, Mr. Urquidi will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2. **Potential penalties, assessments, and restitution**: Mr. Urquidi understands that the maximum sentence that can be imposed is ten years imprisonment, a fine of the greater of $100,000 or twice the amount obtained in violation of the section, a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Urquidi understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (November 1, 2005) (hereinafter "Sentencing Guidelines"). Mr. Urquidi understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Urquidi further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Urquidi's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§2.B1.1

| | |
|---|---|
| (a)  Base Offense Level | 6 |
| (b)(1)(F) Loss more of $120,000 [Actual Loss ($197,225)] | 10 |
| (b)(9)(B) Substantial Part of Scheme outside of USA | 2 |

§3E1.1

| | |
|---|---|
| (b) Acceptance of Responsibility | -3 |

| | |
|---|---|
| TOTAL | 15 |

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Mr. Urquidi agrees that at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and agrees that at sentencing the Court should order restitution of $214,800 to PADF.[1] Mr. Urquidi also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Forfeiture:** Mr. Urquidi agrees, pursuant to 18 U.S.C. § 981 and 28 U.S.C. §2461, to the criminal forfeiture of his interest in the property described in the forfeiture allegation of the Information to be filed with this plea agreement, namely: $214,800, which represents a sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of his fraudulent scheme, in violation of 18 U.S.C. § 666. In order to effectuate the forfeiture, Mr. Urquidi agrees to the entry of a consent decree of forfeiture, a copy of

---

[1]  Mr. Urquidi acknowledges that at the time of his resignation, he owed PADF $17,575 for an outstanding personal loan.

which is attached to this Plea Agreement. Further, Mr. Urquidi agrees not to contest the administrative forfeiture or disposition of the aforementioned property if such administrative forfeiture or other disposition proceedings are initiated by a law enforcement agency. Mr. Urquidi acknowledges and agrees that the Government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of her assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Urquidi expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Urquidi voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Urquidi understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7. **Waiver of Venue**: Mr. Urquidi is aware that federal law, specifically Rule 18 of the Federal Rules of Criminal Procedure, affords him the right to have charges against him prosecuted in a district where the offense was committed. The mailings which are the subject of Mr. Urquidi' guilty plea was sent from Bogota, Columbia to the District of Columbia. Understanding this, and given that the government's investigation includes activities occurring in the District of Columbia, Mr. Urquidi knowingly and voluntarily agrees to waive his right to have charges against him prosecuted in a district where the offense was committed and agrees to the filing of the Information and entry of his plea in the District of Columbia

8. **Reservation of Allocution:** Subject to the requirements of paragraphs 3 and 11 below, the United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Urquidi' criminal activities. In addition, Mr. Urquidi acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

10. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

*N̸ơn CMU*

11. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Urquidi's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose a sentence at the bottom of the applicable guidelines range at sentencing level 15, agrees not to oppose Mr. Urquidi' voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Urquidi continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Urquidi in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the scheme outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Urquidi does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Urquidi.

12. **Court is not bound:** Mr. Urquidi understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

13. **Breach of Agreement:** Mr. Urquidi agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Urquidi's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Urquidi will not have the right to withdraw the guilty plea; (c) Mr. Urquidi shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Urquidi, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

14. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations

4

before the commencement of such prosecutions. Mr. Urquidi knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

15. **USAO's Criminal Division Bound:** Mr. Urquidi understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Urquidi.

16. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Urquidi, Mr. Urquidi's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Urquidi may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Urquidi and his counsel.

Sincerely yours,

_Jeffrey Taylor /JT_
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _Lionel Andre_
LIONEL ANDRE
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/27/08

Carlos M. Urquidi
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/27/08

Carlos M. Vanegas, Esquire
Attorney for the Defendant