AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |

**FILED**

**CARLOS M. URQUIDI**

Case Number:    08 CR 043

**AUG 1 9 2008**

USM Number:    29196-016

NANCY MAYER WHITTINGTON, CLER
U.S. DISTRICT COURT

CARLOS J. VANEGAS
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    COUNT (1) OF THE INFORMATION

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 666(a)(1)(A) | THEFT FROM PROGRAM RECEIVING FEDERAL FUNDS | | 1 |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 5, 2008
Date of Imposition of Judgment

Signature of Judge

HENRY H. KENNEDY, JR.          U.S. DISTRICT JUDGE
Name of Judge                  Title of Judge

AUGUST /8 , 2008
Date

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 4—Probation

| Judgment—Page | 2 | of | 10 |
|---|---|---|---|

DEFENDANT: CARLOS M. URQUIDI
CASE NUMBER: 08 CR 043

# PROBATION

The defendant is hereby sentenced to probation for a term of :

## 36 MONTHS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 4A — Probation

DEFENDANT:  CARLOS M. URQUIDI
CASE NUMBER:  08 CR 043

# ADDITIONAL PROBATION TERMS

1)  AS A CONDITION OF PROBATION, THE DEFENDANT SHALL SERVE A 30-DAY TERM OF IMPRISONMENT. THE TERM OF IMPRISONMENT IS TO BE SERVED ON CONSECUTIVE WEEKENDS, AND SHALL COMMENCE WITHIN THE FIRST THREE MONTHS OF PROBATION.

2)  THE DEFENDANT SHALL BE MONITORED BY VOICE RECOGNITION, AND HE SHALL ABIDE BY ALL TECHNOLOGY REQUIREMENTS FOR A PERIOD OF 180 DAYS. HE SHALL BE RESTRICTED TO HIS RESIDENCE EVERY DAY FROM 8:00PM TO 6:00AM. THE COURT FINDS THAT THE DEFENDANT IS WITHOUT SUFFICIENT FINANCIAL MEANS, AND THEREFORE WAIVES THE COSTS ASSOCIATED WITH LOCATION MONITORING.

3) THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $193,336.00. RESTITUTION SHALL BE PAID AT A RATE OF NO LESS THAN $250.00 PER MONTH. DEFENDANT SHALL ALSO PROVIDE VERIFICATION OF PAYMENT TO THE PROBATION OFFICE.

4) THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICE WITH HIS INCOME TAX RETURNS, AUTHORIZATION FOR RELEASE OF CREDIT INFORMATION, AND ANY OTHER BUSINESS OR FINANCIAL INFORMATION IN WHICH HE HAS CONTROL OR INTEREST UNTIL ALL FINANCIAL OBLIGATIONS ARE SATISFIED.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  CARLOS M. URQUIDI
CASE NUMBER:  08 CR 043

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ FINE WAIVED | $ 193,336.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| THE PAN-AMERICAN DEVELOPMENT FOUND | $103,157.00 | $193,336.00 | $250 MONTHLY |
| 1889 F STREET, N.W. | | | |
| WASHINGTON, DC 20006 | | | |
| | | | |
| CHUBB GROUP INSURANCE COMPANIES | $90,179.00 | | |
| 15 MOUNTAIN VIEW ROAD | | | |
| WARREN, NEW JERSEY 07059 | | | |

| **TOTALS** | $ 193,336.00 | $ 193,336.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6B — Schedule of Payments

DEFENDANT:  CARLOS M. URQUIDI
CASE NUMBER:  08 CR 043

Judgment—Page  5  of  10

# ADDITIONAL FORFEITED PROPERTY

CONSENT ORDER OF FORFEITURE ATTACHED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : |
| | : |
| CARLOS M. URQUIDI, | : |
| | : |
| Defendant. | : |

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendant

**Carlos M. Urquidi** and his counsel, Carlos Vangas, Esquire, in which defendant Urquidi agreed

to plead guilty to a felony violation, that is, Theft From Program Receiving Federal Funds, in

violation of Title 18, United States Code, Section 666;

WHEREAS, the Information also alleged the forfeiture of certain property, which

property is subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c)

(incorporating Title 18, United States Code, Section 981(a)(1)(C)), as property constituting,

derived from, or traceable to proceeds obtained from the commission of the offense set forth

above;

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the

entry of an Order of Forfeiture, under Fed.R.Crim.P. 32.2(b)(2), which concerns property subject

to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) and Title 18. United

States Code. Section 981(a)(1)(C), as property constituting, or derived from. proceeds obtained.

directly or indirectly, as the result of his fraudulent scheme;

WHEREAS. this Court has determined. based on the evidence set forth during the

defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 28,

United States Code, Section 2461(c)'s incorporation of Title18. United States Code, Section 981(a)(1)(C), and that the Government has established the requisite nexus between such property and the fraudulent theft scheme to violate Title 18. United States Code. Section 666;

NOW THEREFORE, IT IS HEREBY ORDERED. ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code. Section 981(a)(1)(C):

MONEY JUDGEMENT:

$193,336, which constitutes the amount of proceeds defendant derived from his fraudulent scheme.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may. within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right. title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right. title or interest in the Subject Property. any additional facts

2

supporting the petitioner's claim and the relief sought.

4.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.  The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Lionel Andre, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this ___5th___ day of ___August___, 2008.

_____
UNITED STATES DISTRICT JUDGE

3

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney

By:

LIONEL ANDRE (DC Bar No. 422534)
Assistant United States Attorney
Fraud and Public Corruption Section
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-9555
Lionel.Andre@USDOJ.gov

CARLOS M. URQUIDI
Defendant

CARLOS VANEGAS, ESQUIRE
Counsel for Defendant Urquidi

4

## Addendum to Order of Restitution

The Pan-American Development Foundation
1889 F Street NW
Washington D.C 20006
Telephone: (202) 458-3969
Fax: ( 202) 458-6316

### Owed: $ 103,157

Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ  07059
Telephone:  (908) 903-2000
Fax:  (908) 903-2027

### Owed: $90,179

### Total: $ 193, 336